

Minute Order Form (97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7115 | **DATE** | 12/10/2002 |
| **CASE TITLE** | K, et al. vs. Jackson | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Plaintiffs' motion for award of attorneys' fees (57-1) is granted in part and denied in part. Enter memorandum opinion and order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | DEC 1 2 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 65 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | DEC 1 2 2002 | |
| | | | date mailed notice | |
| SLB | courtroom deputy's initials | | mailing deputy initials | |

02 DEC 11 AM 8:03

FILED-ED 10

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

EDWIN K. and HATTIE AND )
GEORGE K., Individually and as )
Next Friends of Edwin K., )
)
Plaintiffs, )
) No. 01 C 7115
-vs.- )
) Senior Judge George W. Lindberg
GREGORY T. JACKSON, In His )
Official Capacity as Superintendent, )
and PROVISO TOWNSHIP )
SCHOOL DISTRICT #209, )
)
Defendants. ) DEC 1 2 2002
)

## MEMORANDUM OPINION AND ORDER

Plaintiffs Hattie and George K., parents of Edwin K. move this Court to award attorneys' fees to plaintiffs pursuant to the Individuals with Disabilities Education Act ("IDEA") Section 1415(i)(3)(B)-(G).

**Background**

Plaintiffs requested a due process hearing pursuant to the Individual with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1401 et seq. on January 3, 2000. The impartial hearing officer ("IHO") issued her Decision and Order on May 16, 2001. Plaintiffs appealed the IHO's decision to this Court on September 13, 2001. This Court issued a Memorandum and Order on July 1, 2002 denying plaintiffs' summary judgment motion and granting defendants' summary judgment motion.

65

01 C 7115

**Discussion**

The plaintiffs argue that they are a "prevailing party" entitled to attorney's fees and costs pursuant to 20 U.S.C. § 1415(i)(3)(B). Under the fee shifting provisions of IDEA, "the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents or guardian of a child or youth with a disability who is the prevailing party." 20 U.S.C. § 1415(i)(3)(B). At issue is whether Edwin's parents are to be considered "prevailing parties" as defined by the IDEA. As a secondary matter, there is a dispute as to whether the fees requested by Edwin's parents are reasonable.

The term "prevailing party" connotes the same general meaning under 42 U.S.C. § 1988, and cases interpreting both sections apply the same principles to determine a plaintiff's entitlement to attorney's fees. See e.g. Tice v. Botetourt County School Bd., 908 F. 2d 1200, 1205 n. 4 (4th Cir. 1990). In Farrar v. Hobby, 506 U.S. 103 (1992), the Supreme Court explained that a "plaintiff prevails when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." Id.

Parents are considered to be "prevailing parties" under the IDEA when they succeed on "any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." T.D. v. LaGrange School District No. 102, 98 C 2071 (2002), citing Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).

The precise amount of the attorneys' fees to which parents are entitled is dependent on the degree of overall success. See Farrar v. Hobby, 506 U.S. 103 (1992); Texas State Teachers

2

01 C 7115

v. Garfield Indep. Sch. Dist., 461 U.S. 424 (1983). If a plaintiff achieves only partial or limited success, an attorneys' fee award based on the hours expended on the litigation as a whole is excessive, see Farrar, 506 U.S. at 114, and a reduction in attorneys' fees would be appropriate.

Plaintiffs did receive success though on a very limited basis. In the IHO's Decision and Order, the hearing officer found (1) that the School District had failed to identify Edwin's learning disabilities in math and written expression; (2) that some of Edwin's behaviors that impeded his learning were related to his AD/HD; (3) that the District was partially responsible for failing to identify Edwin for special education services when he started at the high school; and (4) that the District did not provide social work services required by Edwin's IEP. She provided relief by ordering (1) one semester of summer school as compensatory education for the School District's failure to consider and recognize Edwin's learning disabilities; (2) reimbursement of the Independent Educational Evaluation performed by Dr. Appleby; (3) one month of compensatory services for the School District's failure to identify Edwin for special services when he began high school; (4) one month of compensatory social work services as relief for the School District's failure to provide social work services as required by Edwin's IEP and (5) the School District to develop a record keeping system that would identify students who have been found eligible for special education services and who leave the district and subsequently return. However, the IHO upheld the School District's placement at the PAEC High School as an appropriate FAPE for Edwin.

In the Court's Memorandum and Order of July 1, 2002, the Court extended compensatory services due Edwin, ordered auditory processing testing of Edwin, and ordered

3

01 C 7115

that Dr. Appleby's recommendations be incorporated into Edwin's IEP and implemented. However, the most significant issue in this case was whether the school district had denied Edwin his right under the IDEA to a FAPE. This Court, as well as the IHO, found that the school district did not deny Edwin his right to a FAPE. Moreover, the Court concurred with the IHO's decision on the focal aspects of the provision of a FAPE and placement at the PAEC High School.

Since plaintiffs did not achieve satisfaction on the most significant issue of the litigation, whether the FAPE was inappropriate, a reduction in attorneys' fees is warranted. The Court does not find plaintiffs' argument that the ruling obtained by the plaintiffs could provide intangible benefits to other children applicable here. This was not a case meant to change policy or procedure in the school district on behalf of other special education students. Accordingly, a reduction in fees of 85% would appropriately reflect the relative proportion of success achieved.

The Court finds that plaintiffs' attorneys' hourly rates are reasonable considering the IDEA's mandate that attorneys' fees "shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(C). Plaintiffs' attorneys submitted affidavits attesting that the rates of Monahan & Cohen, plaintiffs' attorneys' law firm, are reasonable market rates for special education law, and that the number of hours billed was reasonable. Regarding whether the time expenditures are appropriate, based upon the evidence, including the affidavits presented by plaintiffs, the time expenditures are reasonable.

4

01 C 7115

Accordingly, the Court awards plaintiffs and orders defendants to pay attorneys' fees in the amount of 85 percent of $185,806.83, or $27,871. The Court also orders the School District to include Dr. Appleby's recommendations in Edwin's IEP and to otherwise comply with its Memorandum and Order of July 1, 2002.

ORDERED: The motion by plaintiffs Hattie and George K., parents of Edwin K., is granted in part and denied in part.

The Court awards plaintiffs and orders defendants Gregory T. Jackson, in his official capacity as Superintendent, and Proviso Township School District No. 209 ("the School District"), to pay attorneys' fees in the amount of 85 percent of $185,806.83, or $27,871. The Court also orders the School District to include Dr. Appleby's recommendations in Edwin's IEP and to otherwise comply with its Memorandum and Order of July 1, 2002.

Judgment for attorneys' fees in the amount of $27,871 in favor of plaintiffs and against defendants will be set forth in a separate document and entered in the civil docket. FRCP 58, 79(a).

ENTER:

GEORGE W. LINDBERG
Senior U.S. District Judge

DEC 0 9 2002

DATED: